**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ARCH COAL, INC.,**
**Claimant Below, Petitioner**

**vs.)    No. 17-1032** (BOR Appeal No. 2052043)
              (Claim No. 2016009671)

**BILLY HUNT,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Arch Coal, Inc., by Jeffrey Carder, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. [1]

The issue on appeal is the compensability of Mr. Hunt's claim for worker's compensation benefits. The claims administrator denied Mr. Hunt's claim on November 2, 2015. The Office of Judges reversed the claims administrator's decision and held the claim compensable for degenerative disc disease in its June 16, 2017, Order. The Order was affirmed by the Board of Review on October 20, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hunt worked for almost thirty years as a roof bolt operator. In early 2014, he started to experience pain in his neck and low back. A May 8, 2014, cervical spine MRI revealed degenerative disc space narrowing at C5-C6 with posterior bulging disc causing borderline central canal stenosis. There was no cord compression or disc herniation. A September 5, 2014, lumbar spine MRI revealed mild bulging annulus at L2-L3 without significant central spinal stenosis; mild posterior disc bulging at L4-L5 with mild hypertrophic ligamentum of flavum without significant central spinal stenosis; and degenerative disc disease at L5-S1 with mild degree of central and hard disc/osteophyte bulging without significant central spinal stenosis.

---

[1] No response was filed on behalf of Billy Hunt.

1

Panos Ignatiadis, M.D., evaluated Mr. Hunt for neck and lower back pain on November 11, 2014, at the request of Mr. Hunt's family physician. Dr. Ignatiadis opined that the most likely cause of Mr. Hunt's spine difficulty was his repetitive work activity. He assessed degenerative disc disease at C5-C6 and L5-S1. He noted Mr. Hunt was required to look up and drill above his head repetitively for many years. This led to the neck and lower back pain with evidence of degenerative changes at C5-C6 and L5-S1.

On March 31, 2015, Mr. Hunt completed the employee section of the employees' and physicians' report of occupational injury stating that he was injured at work on December 2, 2014. He checked the box indicating his injury occurred on his employer's property. He did not describe how his injury occurred or identify any witnesses to the injury. Mr. Hunt listed his cervical and lumbar spines as the body parts injured. Lura-Beth Hensley, M.D., completed the physician section of the report. She noted that Mr. Hunt's initial treatment was on August 6, 2014, and that the treatment was for an occupational disease. She was treating Mr. Hunt for cervical and lumbar disc displacement and stenosis.

The claims administrator denied the claim on November 2, 2015, because Mr. Hunt failed to submit the claim application within six months of the injury and failed to provide credible evidence that he was injured at work. A hearing before the Office of Judges was held on September 8, 2016, during which Mr. Hunt testified that his neck and back pain developed slowly over time. He first noticed the pain in 2014. He now had trouble standing for any length of time, had stiffness in his neck and back, and had headaches. He stopped working on December 23, 2014, because of his headaches and because Dr. Ignatiadis told him his neck and lower back were "wore out". Mr. Hunt stated that when he was working, his job duties included walking, twisting, bending, and lifting. Some of the boxes he was required to lift repetitively weighed thirty pounds each.

Jonathan Luchs, M.D., completed age of injury analyses of the MRIs of the cervical and lumbar spines on November 15, 2016. In his opinion, the cervical spine MRI demonstrated degenerative disc disease at C5-C6 with associated degenerative changes of the joints. In his opinion, all of the findings on the MRI were chronic. The lumbar spine MRI demonstrated disc pathology at L2-L3, L4-L5, and L5-S1 with evidence of disc desiccation, disc space narrowing, and disc bulges. Dr. Luchs opined these were chronic changes of the lumbar spine.

David Soulsby, M.D., performed a medical records review on March 3, 2016. He agreed that Mr. Hunt had degenerative disc disease of the cervical and lumbar spines. However, in his opinion, the medical records did not support a claim for an occupational disease. Dr. Soulsby acknowledged that Mr. Hunt had worked in a strenuous job for a number of years, but he was unable to describe a triggering event. Dr. Soulsby opined that the degenerative changes occurred as the result of the normal aging process. Once the arthritic process has started, it is made more painful by activity. Dr. Soulsby opined that it was "reasonably probable" that any fifty-two year old would have degenerative disc disease. In his opinion, the medical evidence did not support an occupational relationship between the degenerative disc disease and Mr. Hunt's work.

In its June 16, 2017, Order, the Office of Judges noted that one of the reasons the claims administrator gave for denying the claim was that the claim application was not submitted within six months of the date of injury. However, the Office of Judges noted the claim was filed as an occupational disease claim. Therefore, the six-month statute of limitation did not apply. The Office of Judges then reversed the claims administrator's decision and held the claim compensable for degenerative disc disease at C5-C6 and L5-S1. In doing so, the Office of Judges relied on *Lilly v. State Workmen's Comp. Comm.*, 159 W.Va. 631, 225 S.E.2d 214 (1976). It determined that Mr. Hunt's repeated bending, twisting, lifting, slumping over, and looking up at work caused the degenerative changes of his spine. The Office of Judges determined that it was "rational that the work duties performed by the claimant for twenty years on a five to six day per week basis caused the degenerative changes of his cervical and lumbar regions". It also found the evidentiary record to be of equal weight. Therefore, the Office of Judges adopted Mr. Hunt's position. On October 20, 2017, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Order.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. As the trier of fact, it is the responsibility of the Office of Judges to weigh the evidence. In this particular claim, given this particular evidence, the Office of Judges found the weight of the evidence to be equal. This finding is supported by the evidentiary record. Therefore, the Board of Review did not err in affirming the Order of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker